DA 11-0068

IN THE SUPREME COURT OF THE STATE OF MONTANA

2011 MT 220N

HILTRUD SCHROEDER and JOCHEN SCHROEDER,

Plaintiffs and Appellants,

v.

LEWIS AND CLARK COUNTY, BRENT
BAUCH, MARK KELLER and DAVID BURDA,

Defendants and Appellees.

APPEAL FROM:     District Court of the First Judicial District,
In and For the County of Lewis and Clark, Cause No. CDV 09-236
Honorable Kathy Seeley, Presiding Judge

COUNSEL OF RECORD:

For Appellants:

Steven J. Shapiro, Attorney at Law; Montana City, Montana

For Appellees:

Leo Gallagher, Lewis and Clark County Attorney; K. Paul Stahl, Deputy
Lewis and Clark County Attorney; Helena, Montana
(Attorneys for Lewis and Clark County)

David K. W. Wilson; Morrison, Motl & Sherwood, PLLP;
Helena, Montana (Attorneys for Appellees Bauch, Reller and Burda)

Submitted on Briefs:  August 10, 2011

Decided:  September 6, 2011

Filed:

_____
Clerk

Justice Jim Rice delivered the Opinion of the Court.

¶1 Pursuant to Section I, Paragraph 3(d), Montana Supreme Court Internal Operating Rules, this case is decided by memorandum opinion and does not serve as precedent. Its case title, cause number, and disposition shall be included in this Court's quarterly list of noncitable cases published in the Pacific Reporter and Montana Reports.

¶2 Hiltrud Schroeder and Jochen Schroeder appeal from the order entered by the First Judicial District Court, Lewis and Clark County, which granted summary judgment to the Defendants and declared that Eagle Ridge Road is a public road, including the portion that traverses Schroeders' property, over which lies a thirty-foot public easement for use of the road. The order also required Schroeders to remove their gate and the portion of their fence that hinders access to the road or infringes upon use of the public easement.

¶3 The District Court set forth facts, which it deemed to be undisputed, and that are not expressly challenged on appeal. Eagle Ridge Road runs east from Birdseye Road in Lewis and Clark County, crossing several tracts before reaching Schroeders' property, and then continues east, where it provides access to Birdseye Road for additional properties, including those of Defendants Mark Reller and David Burda. The public record related to Schroeders' property contains several references to the road, first within a 1973 warranty deed that transferred the property to a predecessor of Schroeders "subject to a right-of-way for roads thirty feet in width." In 1993, landowners who used Eagle Ridge Road petitioned the Lewis and Clark County Commission for creation of a road improvement district pursuant to then-governing statutes. The district was created

by resolution and thereafter was ostensibly replaced by a rural improvement district (Eagle Ridge RID). In 1995, the Eagle Ridge Road Association entered into a contract with the County to provide maintenance of the road.

¶4 The property was conveyed to Schroeders in 2006. In 2007, Schroeders built a fence along the right-of-way that precipitated a letter from the Eagle Ridge RID advising Schroeders of the easement across their property and encouraging them to relocate the fence, so it would not hamper snow removal efforts. In 2008, Schroeders constructed a gate across Eagle Ridge Road, which prompted a notification from the County that the road was a public road and that efforts to close the road would result in legal action. In March 2009, Schroeders filed a declaratory judgment action against Lewis and Clark County seeking a declaration that Eagle Ridge Road, as it crossed their property, was not a public road. In November 2009, they filed an action against Brent Bauch, Mark Reller, and David Burda, seeking to enjoin them from use of Eagle Ridge Road. These cases were consolidated, and Defendants Bauch, Reller, and Burda filed counterclaims, seeking a declaration that Eagle Ridge Road was a public road, either by recorded easements or by prescriptive use, and requesting injunctive relief.

¶5 After discovery and the filing of motions for summary judgment by Schroeders and the Defendants, the District Court concluded that the road was a public road upon an easement across the northern thirty feet of Schroeders' property, created by prescriptive use. On appeal, Schroeders argue that the District Court's conclusion that a public easement exists across Eagle Ridge Road as it crosses their property is contrary to the

3

evidence in the record, because the "access between the land owners [sic] was marked by some degree of cooperation for years which demonstrated more a permissive use or neighborly accommodation rather than prescriptive use." Alternatively, Schroeders briefly argue that, if a prescriptive easement exists, the District Court erred by concluding the easement was 30 feet wide because the evidence of historical use supports a width of 20 to 24 feet. They also argue that they should not be required to remove their gate or the portion of their fence. Defendants argue generally in support of the District Court's judgment, although the County contends that the District Court's order for removal of Schroeders' gate and fence infringed upon the County's statutory authority to direct the removal of road encroachments. However, the County did not file a cross-appeal from the District Court's judgment.

¶6 We have determined to decide this case pursuant to Section I, Paragraph 3(d) of our Internal Operating Rules, which provides for noncitable memorandum opinions. The issues in this case are legal and are controlled by settled Montana law, which the District Court correctly interpreted. Its conclusions of law are supported by substantial, undisputed evidence. The relief ordered by the District Court was proper.

¶7 Affirmed.

/S/ JIM RICE

We concur:

/S/ MIKE McGRATH
/S/ BETH BAKER
/S/ PATRICIA COTTER
/S/ JAMES C. NELSON